**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF<br>E.N. BISSO & SON, INC. and<br>BISSO OFFSHORE, LLC<br>M/V JOSEPHINE ANNE | CIVIL ACTION NO.: _____<br><br>JUDGE: _____<br><br>MAGISTRATE: _____<br><br>SECTION: "\_\_\_\_" |

**COMPLAINT FOR EXONERATION FROM, OR ALTERNATIVELY,
LIMITATION OF LIABILITY AND DECLARATORY JUDGMENT**

The Complaint of E.N. Bisso & Son, Inc. and Bisso Offshore, LLC (hereinafter "ENB" or "Limitation Plaintiffs") as owner of the M/V JOSEPHINE ANNE, in a cause of exoneration from and/or Limitation of Liability, civil and maritime, alleges on information and belief as follows:

1.

This is an admiralty law claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for certain admiralty and maritime claims (Rule F). Jurisdiction exists pursuant to admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. § 1333, and the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 181 *et seq.*, as amended by 46 U.S.C. §§ 30501 *et seq.*

2.

Venue is proper in this District because the marine casualty stimulating this action occurred in this District and the vessel is located in this District.

3.

Limitation plaintiffs are Louisiana corporations that operate tug boats on the Mississippi River and in the jurisdiction of this Court, and in particular seek exoneration and/or limitation of liability for an incident involving the M/V JOSEPHINE ANNE on or about May 16, 2019, when M/V AMERICAN LIBERTY allided with marine facilities causing alleged property damages and personal injuries.

4.

The M/V JOSEPHINE ANNE is a tug boat built in 2008 with a length of 98 feet, breadth of 36 feet.

5.

At all material times, the JOSEPHINE ANNE was owned and operated by two Bisso affiliated companies: Bisso Offshore, LLC (the titled owner), and E.N. Bisso & Son, Inc., (the owner *pro hac vice*) (hereinafter jointly "Bisso" or "Limitation Plaintiffs").

6.

At all times material, the JOSEPHINE ANNE was: (a) in good working order, (b) properly manned with a properly trained crew, and (c) working as directed following the orders of the M/T AMERICAN LIBERTY, and in particular while working on the Mississippi River on or about May 16, 2019.

7.

On May 16, 2019, the JOSEPHINE ANNE assisted turning the M/T AMERICAN LIBERTY to sea in the Mississippi River at a facility located at Mile 140.2, left descending bank. The JOSEPHINE ANNE was released by the M/T AMERICAN LIBERTY. After the tug

was released, those in charge of the AMERICAN LIBERTY lost control of the vessel which allided with other vessels and property along the left descending bank before coming to a stop near Mile 138.7.

8.

At all times material, the Limitation Plaintiffs neither contributed nor caused any damages to property or personal injuries allegedly sustained as a result of the M/T AMERICAN LIBERTY allisions.

9.

Prior to the voyage and any alleged incident on or about May 16, 2019, and at all times hereinafter described, Limitation Plaintiffs exercised due diligence to place and maintain the JOSEPHINE ANNE in a seaworthy condition in all respects. Further, at all times hereinafter described, the JOSEPHINE ANNE was in fact tight, staunch, strong, fully and properly equipped, and in all other respects seaworthy, fit and proper for the service in which the vessel was engaged at the time of any alleged injury to any worker and/or crew member.

10.

Archer Daniels Midland Co., d/b/a ADM Grain Co., ADM International Sarl, and American River Transportation Co., LLC (Collectively "ADM") filed a lawsuit against the M/T AMERICAN LIBERTY in the United States District Court for the Eastern District of Louisiana on May 20, 2019, alleging damage to their grain terminal and barges in Reserve, Louisiana arising out of the Incident. The lawsuit is styled *Archer Daniels Midland Company d/b/a ADM Grain Company and American River Transpiration Co., LLC vs. M/T AMERICAN LIBERTY, her engines, tackle, apparel, etc., in rem*, Case No. 2:19-cv-10525, and is pending in Section R (the "ADM Lawsuit").

On May 21, 2019, African Griffon Shipping Company, Ltd., ("African Griffon") filed a Complaint in Intervention in the ADM Lawsuit alleging that the M/T AMERICAN LIBERTY also caused damage to its vessel, the M/V AFRICAN GRIFFON, during the Incident.

On June 5, 2019, Clement Bell, Robert Sayles, and Ryheme Knighten filed a lawsuit against American Petroleum Tankers, LLC; American Petroleum Tankers Parent, LLC; Kinder Morgan, Inc.; Crowley Marine Corporation; Intrepid Personnel & Provisioning, LLC; Associated Marine Equipment, LLC; E.N. Bisso & Son, Inc.; Bisso Offshore, LLC; and Associated Terminals, Limited Liability Company, in the Civil District Court for the Parish of Orleans, State of Louisiana, alleging personal injuries arising out of the Incident. The lawsuit is styled *Clement Bell, Robert Sayles, and Ryheme Knighten vs. American Petroleum Tankers, LLC; American Petroleum Tankers Parent, LLC; Kinder Morgan, Inc.; Crowley Marine Corporation; Intrepid Personnel & Provisioning, LLC; Associated Marine Equipment, LLC; E.N. Bisso & Son, Inc.; Bisso Offshore, LLC; and Associated Terminals, Limited Liability Company*, Case. 2019-5915, and is pending in Section N-8, (the "Bell Lawsuit").

Since the Incident, the following parties have, upon information and belief, made demand on the M/T AMERICAN LIBERTY's Interests:

   a. ADM claims potential damages in the amount of $80,057,000.00;

   b. African Griffon claims potential damages in the amount of $100,000.00;

   c. Continent Maritime, S.A. Panama, owners of the M/V EVERGRACE, claim potential damages in the amount of $1,535,000.00;

   d. Associated Marine Equipment, LLC and Associated Terminals, LLC, owners and operators of the D/B DON D, claim potential damages in the amount of $5,898,000.00;

e. The Port of South Louisiana, owner of docks located at mile marker 139.2E and 138.7E claims potential damages in excess of $50,000,000.00 (the Port of South Louisiana admits that some of the damages included in its claim may be duplicative of amounts claimed by ADM); and

f. Kevin Wright, claiming personal injuries in the amount of $1,000,000.00 in connection with the Incident.

11.

As the owner of the JOSEPHINE ANNE, Limitation Plaintiffs deny that they caused and/or contributed to any alleged property damages or personal injuries as aforementioned at any time, and in particular, on or about May 16, 2019.

12.

According to the attached Affidavit of Pending Freight executed by Michael Vitt, there was pending freight from the origination of the voyage for the JOSEPHINE ANNE of no more than $1,725. The affidavit is attached as Exhibit "A."

13.

Limitation Plaintiffs will show that any alleged property damages and personal injuries caused by the aforementioned May 16, 2019, casualty, were not caused or contributed to in any way by any fault or negligence of or within its privity or knowledge as the owners of the JOSEPHINE ANNE, nor by anyone for whom Limitation Plaintiffs are responsible, nor was it caused or contributed to by an unseaworthy condition by the JOSEPHINE ANNE, or any unseaworthy condition within its privity or knowledge as the owner.

14.

Limitation Plaintiffs claim the benefit of Exoneration from and/or, in the alternative, Limitation of Liability as provided by certain laws of the United States, namely 46 U.S.C. § 181, *et seq.*, as amended by 46 U.S.C. §§ 30501, *et seq.*

15.

The total damages to property and other potential personal injury claimants may exceed the value of the M/V JOSEPHINE ANNE; that value presently is estimated at $5,440,000 plus pending freight of no more than $1,725. The value of the vessel is set forth in the Affidavit of Value by Norman Dufour, attached as Exhibit "B," which is based on his May 16, 2019, valuation survey. The total limitation value with pending freight totals $5,441,725.

16.

There are no other demands, unsatisfied liens or claims of lien against the JOSEPHINE ANNE or Limitation Plaintiffs arising out of the aforesaid voyage, or any suit pending, so far as known other than as set forth above. The JOSEPHINE ANNE was not damaged, lost, or abandoned during the voyage.

17.

This Complaint is filed prior to the expiration of six months from the date Limitation Plaintiffs received written notice of any claim by any claimant that damages exceed the value of the vessel following the aforesaid voyage and alleged incident.

18.

Concurrent with the filing of this complaint, the Vessel Interests offer and file their *Ad Interim* Stipulation in the appropriate form with a Letter of Undertaking in favor of this Court in an amount equal to the interest in the Vessel and her freight then pending, together with interest

calculated at the rate set forth by law in Supplemental Rule F(1) of six percent (6%) from the date of the Vessel Interests' stipulation and costs. The Vessel Interests' *Ad Interim* Stipulation is to stand in the place of a stipulation for value if the amount is not contested by any claimant, but the Vessel Interests are prepared to give a bond or stipulation for any amount in excess of the *Ad Interim* Stipulation as may be ascertained and determined to be necessary by order of this Court.

19.

Limitation Plaintiffs claim exoneration from liability for any and all injuries, losses or damage occurring as a result of any aforesaid incident and property damages and personal injuries, and any other claims yet to be asserted, and for any and all claims related to such alleged incident. Limitation Plaintiffs also allege that they have valid defenses thereto on the facts and on the law.

20.

Alternatively, Limitation Plaintiffs, without admitting but rather affirmatively denying all liability, claim the benefit of exoneration provided for vessel owners in 46 U.S.C. § 183 to 186, 188 and the various supplements thereto and amendatory thereof, including 46 U.S.C. §§ 30501, *et seq*.

21.

Should it later appear that Limitation Plaintiffs are or may be liable and that the amount of value of its interest in the vessel and pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share pro rata in the aforesaid sum represented by the stipulation, saving to all such claimants any rights of priority that they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of

Civil Procedure, including the Supplemental Admiralty Rules, and under the general maritime law and by the rules and practices of this Honorable Court.

22.

Limitation Plaintiffs bring this Limitation of Liability Complaint in the current district pursuant to Rule F of the Supplemental Rules because a Limitation Action must be brought in the Federal District Court where the vessel is located, if no action has been filed. Accordingly, Limitation Plaintiffs have initiated this suit in in this district because the JOSEPHINE ANNE is here.

23.

All and singular, the premises are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE,** E.N. Bisso & Son, Inc. and Bisso Offshore, LLC, as Limitation Plaintiffs, pray that:

1. Upon the Vessel Interests' filing of an *Ad Interim* Stipulation in the amount of $5,441,725 and a Letter of Undertaking in favor of this Court in the amount representing the value of their interests in the Vessel combined with her pending freight at the close of the aforesaid voyage, this Court shall issue an order approving the *Ad Interim* Stipulation and requiring this payment whenever ordered by this Court with interest as provided by law from the date of the stipulation, pending appraisal by the Court of the value of the Vessel and her pending freight at the conclusion of the voyage;

2. This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with

the Clerk of Court and to serve on the attorneys for Limitation Plaintiffs a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to Limitation of Liability, such person shall file and serve on the attorneys for Limitation Plaintiff an Answer to this Complaint on or before said date, unless his or her claim has included an Answer, so designated;

3. This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced, and further enjoin the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever, in any jurisdiction against Limitation Plaintiffs and their insurers and/or against the vessel, her operators and crew, or against any employee or property of Limitation Plaintiffs except in this action, to recover damages for or in respect to any loss, damage, or injury occasioned as a result of the aforesaid incident;

4. This Court adjudge that Limitation Plaintiffs and its employees, agents, representatives and Underwriters are not liable to any extent for any injuries, losses, or damages occurring as a result of the incident in question, or for any claim whatsoever in any way arising from or in consequence of the aforesaid incident; or, alternatively if Limitation Plaintiffs and their employees, agents, representatives and Underwriters or Insurers shall be adjudged liable, that such liability be limited to the amount or value of Limitation Plaintiffs' interest in the vessel and its pending freight, as aforesaid, at the end of the voyage in which it was engaged at the time of said incident with resulting injuries, losses, or damages and that Limitation Plaintiff and its employees, agents, representatives and Underwriters, insurers be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided pro rata according to the herein above mentioned statutes among such

claimants as may duly prove and claim in accordance with the provisions of the Order herein above prayed for, saving to all parties any priorities to which they may legally be entitled, and that a decree may be entered, discharging both Limitation Plaintiffs and their employees, agents, representatives and Underwriters, insurers from all further liability;

5. Limitation Plaintiffs may have such other, further or different relief as may be just in the circumstances;

Respectfully submitted, this 24th day of July, 2019.

/s/ Scott R. Wheaton, Jr.
SCOTT R. WHEATON (LA Bar No. 13395)
STANLEY J. COHN (LA Bar No. 4238)
DESTINEE RAMOS (LA Bar No. 37681)
DELOS E. FLINT, JR. (LA Bar No. 5616)
TODD CRAWFORD (LA Bar No. 20150)
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email: srwheaton@lawla.com
Email: scohn@lawla.com
Email: dramos@lawla.com
Email: dflint@lawla.com
Email: tcrawford@lawla.com
*Attorneys for E.N. Bisso & Son, Inc.*
*and Bisso Offshore, LLC*